UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------X
LAMONT LEE and TYMEL KORNEGAY,

                Plaintiffs,                **COMPLAINT**

      -against-

                                        Plaintiffs Demand a Jury Trial

THE CITY OF TROY,
PATROLMAN CHRISTOPHER PARKER,         1:19-cv-473 (DNH/DJS)
PATROLMAN LOUIS PERFETTI,
PATROLMAN JUSTIN ASHE,
PATROLMAN KYLE JONES,
PATROLMAN "JOHN" MORRIS (ID No. 7866) and
SERGEANT "JOHN" BARKER (ID No. 7753),

                Defendants.
----------------------------------X

        Plaintiffs, by their attorneys Sivin & Miller, LLP, complaining of defendants, allege as follows, upon information and belief:

## THE PARTIES

        1. That at all times herein mentioned, plaintiff Lamont Lee (hereinafter "Lee") was and is a United States citizen and a resident of the City of Troy, in the County of Rensselaer, State of New York.

        2. That at all times herein mentioned, plaintiff Tymel Kornegay (hereinafter "Kornegay") was and is the grandson of Lee and a United States citizen, and was a resident of the City of Troy, in the County of Rensselaer, State of New York.

        3. That at all times herein mentioned, defendant The City of Troy (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

4. That at all times herein mentioned, the City operated, managed, maintained, and controlled the Troy Police Department (hereinafter "the TPD").

5. That at all times herein mentioned, the TPD was and is an agency of the City.

6. That at all times herein mentioned, defendant Patrolman Christopher Parker (hereinafter "Parker") was and is employed by the City as a police officer and/or patrolman.

7. That at all times herein mentioned, Parker was and is employed by the TPD as a police officer and/or patrolman.

8. That at all times herein mentioned, Parker was acting within the course and scope of his employment with the City and the TPD.

9. That at all times herein mentioned, Parker was acting under color of state law.

10. That at all times herein mentioned, defendant Patrolman Louis Perfetti (hereinafter "Perfetti") was and is employed by the City as a police officer and/or patrolman.

11. That at all times herein mentioned, Perfetti was and is employed by the TPD as a police officer and/or patrolman.

12. That at all times herein mentioned, Perfetti was acting within the course and scope of his employment with the City and the TPD.

13. That at all times herein mentioned, Perfetti was acting under color of state law.

14. That at all times herein mentioned, defendant Patrolman Justin Ashe (hereinafter "Ashe") was and is employed by the City as a police officer and/or patrolman.

15. That at all times herein mentioned, Ashe was and is employed by the TPD as a police officer and/or patrolman.

16. That at all times herein mentioned, Ashe was acting within the course and scope of his employment with the City and the TPD.

17. That at all times herein mentioned, Ashe was acting under color of state law.

18. That at all times herein mentioned, defendant Patrolman Kyle Jones (hereinafter "Jones") was and is employed by the City as a police officer and/or patrolman.

19. That at all times herein mentioned, Jones was and is employed by the TPD as a police officer and/or patrolman.

20. That at all times herein mentioned, Jones was acting within the course and scope of his employment with the City and the TPD.

21. That at all times herein mentioned, Jones was acting under color of state law.

22. That at all times herein mentioned, defendant Patrolman "John" Morris (hereinafter "Morris"), whose first name is fictitious and who was assigned ID No. 7866 by the TPD, was and is employed by the City as a police officer and/or patrolman.

23. That at all times herein mentioned, Morris was and is employed by the TPD as a police officer and/or patrolman.

24. That at all times herein mentioned, Morris was acting within the course and scope of his employment with the City and the TPD.

25. That at all times herein mentioned, Morris was acting under color of state law.

26. That at all times herein mentioned, defendant Sergeant "John" Barker (hereinafter "Barker"), whose first name is fictitious and who was assigned ID No. 7753 by the TPD, was and is employed by the City as a police sergeant.

27. That at all times herein mentioned, Barker was and is employed by the TPD as a police sergeant.

28. That at all times herein mentioned, Barker was acting within the course and scope of his employment with the City and the TPD.

29. That at all times herein mentioned, Barker was acting under color of state law.

## JURISDICTION and VENUE

30. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

31. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of plaintiffs' civil rights, including rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

32. That venue is proper in this district as the parties reside in the Northern District of New York and the causes of action herein accrued in the Northern District of New York.

33. That prior to the institution of this action and within ninety (90) days from the dates when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the defendants on behalf of plaintiffs; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

## THE MARCH 3, 2018 INCIDENT

34. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

35. That this lawsuit arises out of two incidents: the first incident occurred on March 3, 2018 and involved Lee and members of the TPD, and the second incident occurred on April 24, 2018 and involved Lee, Kornegay, and members of the TPD.

36. That on March 3, 2018, Lee was lawfully standing in front of 76 Congress Street, Troy, New York, when he was approached by members of the TPD.

37. That on March 3, 2018, Lee was lawfully standing in front of 76 Congress Street, Troy, New York, when he was approached by Parker, Perfetti, Ashe, and Jones.

38. That after he was approached by members of the TPD, including Parker, Perfetti, Ashe, and Jones, Lee was seized, grabbed, kicked, punched, kneed, forcibly brought to the ground, searched, and otherwise subjected to a use of force by members of the TPD, including Parker, Perfetti, Ashe, and Jones.

39. That the actions of the aforesaid members of the TPD were undertaken in the course and scope of their employment with the TPD and under color of state law.

40. That the actions of the aforesaid members of the TPD were excessive and unreasonable under the circumstances, undertaken without a warrant, without probable cause, privilege or legal justification, and were otherwise illegal.

41. That the actions of the aforesaid members of the TPD were intentional, spiteful, and malicious in nature.

42. That the actions of the aforesaid members of the TPD were undertaken jointly and in concert with each other.

43. That each of the members of the TPD who was present at the aforesaid location, including but not limited to Parker, Perfetti, Ashe, and Jones, observed the illegal conduct of his or her fellow officers, had a duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

44. That as a result of the aforesaid actions of the aforesaid members of the TPD, Lee sustained multiple physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur economic loss, and has been otherwise damaged.

## THE APRIL 24, 2018 INCIDENT

45. Plaintiffs repeat and realleges each and every allegation set forth above as though fully set forth at length herein.

46. That subsequent to the events of March 3, 2018, Lee complained to governmental authorities, including the TPD, about the manner in which he had been treated by members of the TPD on March 3, 2018 and the days immediately thereafter, and Lee also petitioned governmental officials for a redress of his grievances in connection with the events of March 3, 2018 and the days immediately thereafter.

47. That on April 24, 2018, Lee and Kornegay were lawfully seated in a motor vehicle in the vicinity of 199 Hill Street, Troy, NY when they were approached by members of the TPD.

48. That on April 24, 2018, Lee and Kornegay were lawfully seated in a motor vehicle in the vicinity of 199 Hill Street, Troy, NY, when they were approached by Morris and Barker.

49. That as they approached Lee and Kornegay, members of the TPD, including but not limited to Morris and Barker, had their firearms drawn and pointed at Lee and Kornegay.

50. That after they approached Lee and Kornegay, members of the TPD, including but not limited to Morris and Barker, still with their firearms pointed at plaintiffs, verbally and physically threatened Lee and Kornegay, forced Lee and Korengay to the ground, handcuffed and searched Lee and Kornegay, and otherwise used force against Lee and Kornegay.

51. That the actions of the aforesaid members of the TPD were undertaken in the course and scope of their employment with the TPD and under color of state law.

52. That the actions of the aforesaid members of the TPD were excessive and unreasonable under the circumstances, undertaken without privilege or legal justification, and otherwise illegal.

53. That the actions of the aforesaid members of the TPD were intentional, spiteful, and malicious in nature.

54. That the actions of the aforesaid members of the TPD were undertaken in retaliation for Lee having complained to governmental authorities about, and having petitioned governmental officials for redress of grievances related to, the actions of the TPD on March 3, 2018 and the days immediately thereafter.

55. That the actions of the aforesaid members of the TPD were undertaken jointly and in concert with each other.

56. That each of the members of the TPD who was present at the aforesaid location, including but not limited Morris and Barker, observed the illegal conduct of his or her

fellow officers, had a duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

57. That the actions of the aforesaid members of the TPD placed Lee and Kornegay in imminent fear of physical harm or death.

58. That as a result of the aforesaid actions of the members of the TPD, Lee sustained physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, and has been otherwise damaged.

59. That as a result of the aforesaid actions of the members of the TPD, Kornegay sustained physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur economic loss, and has been otherwise damaged.

### FIRST CAUSE OF ACTION BY LEE AGAINST THE CITY, PARKER, PERFETTI, ASHE, and JONES ARSING FROM THE MARCH 3, 2018 INCIDENT
(State Law Claim for Assault and Battery)

60. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

61. The aforementioned actions of members of the TPD, including Parker, Perfetti, Ashe, and Jones on March 3, 2018, constituted an assault and battery of Lee, for which Parker, Perfetti, Ashe, and Jones are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

### SECOND CAUSE OF ACTION BY LEE AGAINST PARKER, PERFETTI, ASHE, and JONES ARSING FROM THE MARCH 3, 2018 INCIDENT
(42 U.S.C. § 1983: Fourth and Fourteenth Amendment Claims)

62. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

63. That the aforesaid actions by Parker, Perfetti, Ashe, and Jones on March 3, 2018 constitute the use of excessive force, illegal searches and seizures, deprivations of liberty, arbitrary and capricious abuses of authority, and a violation of Lee's personal and bodily integrity, all in violation of rights guaranteed to Lee under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution, and entitle Lee to recover damages from Parker, Perfetti, Ashe, and Jones under 42 USC § 1983.

### THIRD CAUSE OF ACTION BY LEE AGAINST THE CITY, MORRIS, and BARKER ARSING FROM THE APRIL 24, 2018 NCIDENT
(State Law Claim for Assault and Battery)

64. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

65. The aforementioned actions of members of the TPD, including Morris and Barker, on April 24, 2018 constituted an assault and battery of Lee, for which Morris and Barker are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

### FOURTH CAUSE OF ACTION BY LEE AGAINST MORRIS AND BARKER ARISING FROM THE APRIL 24, 2018 INCIDENT
(42 U.S.C. § 1983: Fourth and Fourteenth Amendment Claims)

66. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

67. That the aforesaid actions by Morris and Barker on April 24, 2018 constitute the use of excessive force, illegal searches and seizures, deprivations of liberty, arbitrary and capricious abuses of authority, and a violation of Lee's personal and bodily integrity, all in violation of rights guaranteed to Lee under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution, and entitle Lee to recover damages from Morris and Barker under 42 USC § 1983.

### FIFTH CAUSE OF ACTION BY LEE AGAINST MORRIS AND BARKER ARISING FROM THE APRIL 24, 2018 INCIDENT
(42 U.S.C. § 1983: First Amendment Claim)

68. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

69. That the aforesaid actions by Morris and Barker on April 24, 2018 were undertaken in retaliation or retribution for Lee having exercised his right of free speech and his right to petition the government for redress of grievances, guaranteed by the First Amendment to the Constitution, and entitle Lee to recover damages from Morris and Barker under 42 U.S.C. § 1983.

### SIXTH CAUSE OF ACTION BY KORNEGAY AGAINST THE CITY, MORRIS, and BARKER ARSING FROM THE APRIL 24, 2018 NCIDENT
(State Law Claim for Assault and Battery)

70. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

71. The aforementioned actions of members of the TPD, including Morris and Barker, on April 24, 2018 constituted an assault and battery of Kornegay, for which Morris and Barker are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

### SEVENTH CAUSE OF ACTION BY KORNEGAY AGAINST MORRIS AND BARKER ARISING FROM THE APRIL 24, 2018 INCIDENT
(42 U.S.C. § 1983: Fourth and Fourteenth Amendment Claims)

72. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

73. That the aforesaid actions by Morris and Barker on April 24, 2018 constitute the use of excessive force, illegal searches and seizures, deprivations of liberty, arbitrary and capricious

abuses of authority, and a violation of Kornegay's personal and bodily integrity, all in violation of rights guaranteed to Kornegay under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution, and entitle Kornegay to recover damages from Morris and Barker under 42 U.S.C. § 1983.

### EIGHTH CAUSE OF ACTION BY KORNEGAY AGAINST MORRIS AND BARKER ARISING FROM THE APRIL 24, 2018 INCIDENT
(42 U.S.C. § 1983: First Amendment Claim)

74. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

75. That the aforesaid actions by Morris and Barker on April 24, 2018 were undertaken in retaliation or retribution for Lee having exercised his right of free speech and his right to petition the government for redress of grievances, guaranteed by the First Amendment to the Constitution, and entitle Kornegay to recover damages from Morris and Barker under 42 U.S.C. § 1983.

76. That all of the foregoing causes of action fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

**WHEREFORE**, plaintiffs demand judgment against defendants, and each of them, as follows:

Plaintiff **Lamont Lee** demands judgment against defendants the City, Parker, Perfetti, Ashe, and Jones, and each of them, on the First and Second Causes of Action, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and punitive damages in the amount of One Million ($1,000,000.00) Dollars, and plaintiff **Lamont Lee** demands judgment against defendants the City, Morris, and Barker, and each of them, on the Third, Fourth, and

Fifth Causes of Action, for compensatory damages in the amount of Five Hundred Thousand ($500,000.00) Dollars, and punitive damages in the amount of One Hundred Thousand ($100,000.00) Dollars, and

Plaintiff **Tymel Kornegay** demands judgment against defendants the City, Morris, and Barker, and each of them, on the Sixth, Seventh, and Eighth Causes of Action, for compensatory damages in the amount of Five Hundred Thousand ($500,000.00) Dollars, and punitive damages in the amount of One Hundred Thousand ($100,000.00) Dollars, and

Both plaintiffs demand attorneys' fees pursuant to 42 U.S.C. § 1988, and both plaintiffs demand the costs and disbursements of this action.

Dated: New York, New York
April 22, 2019

Yours, etc.
Sivin & Miller, LLP

By_____
Edward Sivin
Attorneys for plaintiffs
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300