UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LAMONT LEE and TYMEL KORNEGAY,

                        Plaintiffs,

      vs.                                      Civil No. 1:19-CV-473
                                                         (DNH/DJS)

THE CITY OF TROY, ET AL.,

                        Defendants.
_____

DANIEL J. STEWART
United States Magistrate Judge

**ORDER TO SHOW CAUSE**
WHY DEFENDANTS SHOULD NOT BE COMPELLED
TO OBTAIN SEPARATE COUNSEL

On or about May 10, 2019, the Court was made aware that Defendants, The City of Troy, Patrolman Christopher Parker, Patrolman Louis Perfetti, Patrolman Justin Ashe, Patrolman Kyle Jones, Patrolman Morris and Patrolman Barker, are all jointly represented by Richard T. Morrissey, Esq. of the Office of Richard T. Morrissey. In addition to Defense counsels' ethical obligation to inform each client of the potential adverse consequences of joint representation, this Court has a continuing obligation to supervise the bar and assure litigants a fair trial. *See Dunton v. County of Suffolk*, 729 F.2d 903, 908-09 (2d Cir. 1984). Accordingly, it is the Court's duty to ensure that each Defendant in this action fully appreciates the potential inherent conflict in joint representation of multiple defendants and

understands the potential threat a conflict may pose to each Defendant's interests. *Id*. at 909. It is therefore

ORDERED as follows:

1. If it has not already been accomplished, Defense counsel shall, within ten (10) days of the date of this Order, send a copy of this Order and a letter to each client in this action

    (a) outlining the circumstances under which an actual or potential conflict of interest may arise,[1] and

    (b) advising whether counsel plans to take a position adverse to that client's interests at trial.

2. Within sixty (60) days of the date of this Order, a Defendant who is jointly represented with other Defendants by a single attorney or law firm shall proceed in one of the two ways described in subparagraphs A or B:

    A. If, after being informed in writing of the potential or actual conflicts, a Defendant wishes to retain separate counsel, he or she may do so and new counsel shall file and serve a Notice of Appearance within sixty (60) days of the date of this Order;

**OR**

---

[1] The letter shall include, but not be limited to, the circumstances listed in the Attachment to this Order.

B. In the event that a Defendant wishes to proceed while being represented by their current counsel, I will require additional assurance that the Defendant has made an informed decision to do so notwithstanding the potential for conflict. That assurance must be provided in the form of a sworn affidavit from the Defendant

    (a) acknowledging that he or she has been given written notice by counsel of the potential for conflict;

    (b) acknowledging that he or she understands the potential conflict and its ramifications; and

    (c) stating that he or she has knowingly and voluntarily chosen to proceed with joint representation.

That affidavit and counsel's letter to the Defendant shall be submitted to the Chambers of the undersigned within sixty (60) days of the date of this Order and, after review, will be filed under seal. At the time of submission to the undersigned, the Defendant shall file and serve a Notice of In Camera Submission Regarding Joint Representation.

3. If a Defendant chooses to exercise the option outlined in paragraph 2(B) above, the Court will review Defense counsel's letter of notification and a Defendant's affidavit *ex parte* and *in camera* to determine if the Defendant has knowingly and voluntarily waived his or her right to separate counsel.

4. If the Court determines that the conflict is of a nature which can be waived and a Defendant's waiver of the potential conflict is knowing and voluntary, the Court will allow the Defendant to proceed with joint representation.

5. If the Court determines that a Defendant has not knowingly and voluntarily waived his or her right to separate counsel, the Court shall order further action as necessary to safeguard the integrity of these proceedings.

6. A Defendant who consents to joint representation will not be deemed to have waived his or her right to retain separate counsel. However, no extension of deadlines established in the Uniform Pretrial Scheduling Order or of the trial date will be granted because of such substitution of counsel <u>unless</u> a Defendant establishes that the substitution resulted from a conflict of interest which reasonably could not have been foreseen when the Defendant filed his or her affidavit agreeing to joint representation <u>and</u> that the Defendant promptly proceeded to obtain separate counsel upon learning of the conflict of interest.

7. Copies of this Order shall be promptly mailed by the Clerk of the Court to all counsel in this action.

IT IS SO ORDERED.

DATED: <u>June 12, 2019</u>

_____
Daniel J. Stewart
U.S. Magistrate Judge

# Attachment

Listed below are some, but not all, of the circumstances in which a conflict of interest may arise when two or more defendants are jointly represented by a single attorney or law firm. The list is not exhaustive but serves only to illustrate examples of types of conflicts which may result from such joint representation. An attorney should also advise a defendant of other possible conflicts specific to the facts of the particular case.

1. It may be in the best interests of the government entity to assert as a defense that a defendant was not acting within the scope of his or her employment at the time of events in issue. However, such a defense would operate to the detriment of an individual defendant and might place his or her defense in conflict with that of the government entity.

2. The attorney may receive information from one defendant which is helpful to one defendant but which undermines the defense of another defendant. Where both defendants are represented by the same attorney or law firm, the attorney-client privilege may prevent the attorney or law firm from using that information in the defense of the defendant for whom the information is favorable.

3. The plaintiff may offer to settle or dismiss claims against one defendant in return for cooperation with the plaintiff's case. If a defendant receives such an offer, a lawyer or law firm jointly representing defendants may not be able to provide unbiased advice on whether to accept or reject such an offer because the acceptance of such an offer may undermine the case of other defendants whom the attorney or law firm represents.

4. During jury selection at trial, a particular potential juror may be perceived as favorable to one defendant but unfavorable to another. Where these defendants are jointly represented by one

attorney or law firm, the attorney must choose the interests of one defendant over those of the other in determining whether to select or reject that potential juror.

5. In questioning a defendant during his or her testimony, an attorney who jointly represents other defendants in the same case may be inclined to limit or eliminate certain questions where, although the answers would be helpful to the defense of one defendant, those answers may undermine the defense of another defendant.

6. In questioning non-party witnesses during testimony, an attorney who jointly represents two or more defendants in the same case may be inclined to limit or eliminate certain questions where, although the answers would be helpful to the defense of one defendant, those answers may undermine the defense of another defendant.

7. In determining which witnesses and which exhibits to present at trial, an attorney or law firm jointly representing two or more defendants in the same case may be inclined not to offer certain witnesses or exhibits because, although that evidence may be helpful to the defense of one defendant, it undermines the defense of another defendant.

8. If two or more defendants are found liable for punitive damages and a trial is held on that issue, a lawyer or law firm jointly representing two or more defendants in the same case may be inclined to argue to the fact finder that one defendant was less responsible or less culpable than another. However, while such an argument may benefit the defense of that defendant, it may undermine the defense of another defendant who, the argument would suggest, was more responsible or more culpable.