UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
LAMONT LEE,

                            Plaintiff,

    -v-                                        1:19-CV-473

THE CITY OF TROY; PATROLMAN
CHRISTOPHER PARKER; PATROLMAN
LOUIS PERFETTI; PATROLMAN
JUSTIN ASHE; and PATROLMAN KYLE
JONES,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

SIVIN, MILLER & ROCHE LLP             EDWARD SIVIN, ESQ.
Attorneys for Plaintiffs              GLENN D. MILLER, ESQ.
20 Vesey Street, Suite 1400
New York, New York 10007

PATTISON, SAMPSON LAW FIRM            MICHAEL E. GINSBERG, ESQ.
Attorneys for Defendants              RHIANNON INEVA
P.O. Box 208                             SPENCER, ESQ.
22 First Street
Troy, New York 12181

OFFICE OF RICHARD T. MORRISSEY   RICHARD T. MORRISSEY, ESQ.
Attorneys for Defendants
64 Second Street
Troy, New York 12180

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

On March 3, 2018, plaintiff Lamont Lee ("Lee" or "plaintiff") was arrested in the City of Troy, New York ("Troy" or the "City"). In the process, plaintiff alleges that the arresting officers (together with the City "defendants") used excessive force to secure his compliance. To hear plaintiff tell it, the arresting officers grabbed him, took him down, and then punched and kneed him repeatedly while he was on the ground. For their part, defendants argue that plaintiff resisted arrest throughout the entire encounter, and the arresting officers only used the force necessary to ensure his compliance.

The parties presented those clashing narratives to the Court on summary judgment. Typically, one would imagine that such a robust argument over questions of fact—namely whether Lee continued to resist arrest throughout the arresting officers' use of force and whether that resistance justified the force used—would preclude summary judgment for either side. But defendants believed they possessed a silver bullet: a surveillance video of plaintiff's entire altercation with the arresting officers.

Even so, when the Court decided defendants' motion for summary judgment on February 16, 2021,[1] Lee's claims of (I) assault and battery under New York common law and (II) excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 survived.  As for how those claims managed to clear summary judgment despite the video evidence depicting plaintiff's entire arrest, it would seem that defendants' silver bullet misfired.

With their initial motion, defendants submitted video evidence on a compact disc, which they claimed showed the arrest on March 3, 2018.  But the video in the Court's possession showed nothing of the sort.  Instead, the video consisted of two Troy officers—neither one among the officers who arrested Lee—interviewing a witness to the arrest.

The Court nevertheless believed that justice could best be done on a full record.  To that end, the Court gave defendants a second chance by notifying them of the video's inefficacy, and waited for another disc before turning to the merits of their summary judgment motion.  Yet when the Court received that second disc, it discovered that defendants had if anything taken a step

---

[1] In addition to the events of March 3, 2018, plaintiff also brought claims for unreasonable search and seizure, excessive force, assault and battery, and retaliation under New York and federal law based on an entirely separate incident which took place on April 24, 2018.  Plaintiff—as well as his grandson Tymel Kornegay, then also a plaintiff—and defendants cross-moved for summary judgment on both plaintiffs' claims regarding the events of April 24.  The Court granted summary judgment in defendants' favor and dismissed all of those claims, leaving only plaintiff Lee's claims relating to the March 3 incident.

3

backwards.  No file on the second disc allowed a user to watch any video at all, whatever efforts—technological or arcane—were brought to bear.

Thus, no video evidence was considered in deciding defendants' motion for summary judgment as to Lee's arrest on March 3, 2018, and defendants' motion was denied.  To the Court's mind, a reasonable factfinder could conclude for or against plaintiff based on his narrative as it competed with defendants'.  Moreover, if a factfinder did credit plaintiff's version of events— that the arresting officers punched and used their full body weight to drop their knees on him as he lay prone and had ceased resisting arrest—the Court held that qualified immunity would not attach to those facts.

On March 2, 2021, defendants moved the Court to reconsider its denial of their motion for summary judgment regarding Lee's arrest under Local Rule of the Northern District of New York ("Local Rule") 60.1.[2]  In that motion, defendants argue that the disc itself was functional, but the Court lacked the requisite software to be able to play the video.  Because the Court had successfully viewed the interview video on the earlier disc, defendants argue

---

[2] Defendants' motion also relied on Federal Rule of Civil Procedure ("Rule") 60(b).  But that Rule only allows for relief from a final judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 527 (2005).  The denial of a motion for summary judgment is not a final judgment, so Rule 60(b) does not offer defendants a path to relief.  *Fitzgerald v. City of Troy, N.Y.*, 2013 WL 5442274, at *2 (N.D.N.Y. Sept. 27, 2013) (denying motion for reconsideration of denial of summary judgment under Rule 60(b) because denial of summary judgment is not final order even though defendants assert qualified immunity).

that they erroneously believed that the Court had access to that software and should not be blamed for the fact that the video was not viewable.

A motion for reconsideration under the Local Rules of this District requires the movant to prove: (1) an intervening change in the controlling law; (2) the existence of new evidence not previously available; or (3) that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995). But courts are strict in construing that standard. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Undaunted by their burden, defendants argue that their video evidence is "new" because it was not available to the Court in its initial review. Defendants are wrong. Evidence cannot be "new" if defendants already had access to it before they filed their motion for summary judgment. *Cf. Bishop v. Cty. of Suffolk*, 2015 WL 5719802, at *3 (E.D.N.Y. Sept. 29, 2015) (applying Eastern District's standard for motion for reconsideration and holding that evidence in movant's possession prior to motion does not qualify as new).

It is not hard to see why. Making the court, rather than the movant, the metric by which the novelty of evidence is measured would invite an endless stream of motions for reconsideration, because any additional piece of evidence that the movant did not provide in their initial motion would provide grounds to ask the court to rethink its decisions. Of course,

defendants are not quite so culpable as that hypothetical suggests, because they made two efforts to include the video evidence with their motion.

Yet defendants are culpable nonetheless.  The Court is of course aware that surveillance videos can often only be viewed through specialized software.  In fact, the first disc contained the software required to view the video of the interview.  However, if there were any other videos on either disc, the software used to watch the interview video did not permit the Court to view them.  Neither did defendants provide some other software on either disc that could potentially have allowed the Court to review the evidence. Defendants also could not have reasonably expected the Court to wade into the internet in hopes of finding the one program it needed to view the video in the absence of any guidance from them and regardless of the resulting security risks.

Because defendants bore the burden of demonstrating through record evidence that there was no genuine dispute of material fact worthy of letting this case proceed to trial, the cost for defendants' failure to provide an actual, functional video properly fell to them.  *See Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014) (noting that movant bears burden of production of record evidence sufficient to merit summary judgment).  Put differently, defendants failed to carry their burden on summary judgment,

and none of their arguments in support of reconsidering the Court's earlier decision carry water.[3]  This case must proceed to trial.

Therefore, it is

ORDERED that

1.  Defendants' motion for reconsideration under Local Rule 60.1 is DENIED;

2.  Due to an opening in the Court's calendar and its successful reopening for jury trials, all previous scheduling orders in this case are terminated, and shall be reset in accordance with this order;

3.  The jury trial for plaintiff Lamont Lee's remaining claims under Counts I and II relating to the March 3, 2018 incident is scheduled for Monday, May 10, 2021 with jury selection commencing at 9:30 a.m.;

4.  All pretrial submissions shall be filed on or before Friday, April 30, 2021; and

5.  All proceedings will be at the Federal Courthouse, 10 Broad Street, Utica, New York 13501, third floor.

IT IS SO ORDERED.

---

[3] In any event, the video of the March 3, 2018 altercation is available online.  For its own edification, the Court has seen the footage and is satisfied that it would not have materially changed the calculus on summary judgment.

Dated:  April 8, 2021
        Utica, New York.

David N. Hurd
U.S. District Judge