UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LAMONT LEE,

                              Plaintiff,

        -against-                                            19 Civ. 00473 (DNH/DJS)

THE CITY OF TROY,
PATROLMAN CHRISTOPHER PARKER,
PATROLMAN LOUIS PERFETTI,
PATROLMAN JUSTIN ASHE,
PATROLMAN KYLE JONES,

                              Defendants.
-------------------------------------------------------------X

# PLAINTIFF'S TRIAL BRIEF

**SIVIN, MILLER & ROCHE, LLP**
*Attorneys for Plaintiff*
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
Fax: (212) 406-9462

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS EXPECTED TO BE PROVEN AT TRIAL ....................................... 1

ARGUMENT ....................................................................................................................... 3

POINT I: DEFENDANTS WILL BE LIABLE ON PLAINTIFF'S EXCESSIVE FORCE CLAIM BECAUSE THE FORCE THEY EMPLOYED WAS OBJECTIVELY UNREASONABLE IN THE CIRCUMSTANCES ........................................................................ 3

POINT II: DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY .................... 5

POINT III: BECAUSE DEFENDANTS EMPLOYED UNREASONABLE FORCE IN ARRESTING PLAINTIFF, THEY WILL BE LIABLE FOR STATE LAW ASSAULT AND BATTERY ........................................................................................................................ 6

POINT IV:  PLAINTIFF IS ENTITLED TO COMPENSATORY AND PUNITIVE DAMAGES ........................................................................................................................ 6

POINT V: ADMISSIBILITY OF PRIOR AND SUBSEQUENT SIMILAR ACTS ..................... 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Branen*, 17 F.3d 552 (2d Cir. 1994) ............................................................................ 4

*Atkins v. New York City*, 143 F.3d 100 (2d Cir. 1998) .................................................................. 7

*Carey v. Piphus*, 435 U.S. 247 (1978) ............................................................................................ 6

*Cugini v. City of New York*, 941 F.3d 604 (2d Cir. 2019) ............................................................. 3

*Figueroa v. Mazza*, 825 F.3d 89 (2d Cir. 2016) ............................................................................ 6

*Graham v. Connor*, 490 U.S. 386 (1989) ................................................................................... 3, 4

*Huddleston v. United States*, 485 U.S. 681 (1988) ........................................................................ 8

*Ismail v. Cohen*, 899 F.2d 183 (2d Cir. 1990) ............................................................................ 8, 9

*Johnson v. Perry*, 859 F.3d 156 (2d Cir. 2017) ............................................................................. 5

*Jones v. State*, 307 N.E.2d 236 (N.Y. 1973) .................................................................................. 6

*Kerman v. City of New York*, 374 F.3d 93 (2d Cir. 2004) ............................................................. 5

*Lee v. City of Troy*, No. 1:19-CV-473, 2021 U.S. Dist. LEXIS 28208 (N.D.N.Y. Feb. 16, 2021) ................................................................................................................................................ 5, 6

*Lee v. Edwards*, 101 F.3d 805 (2d Cir. 1996) ................................................................................ 7

*Mickle v. Morin*, 297 F.3d 114 (2d Cir. 2002) .............................................................................. 3

*O'Neill v. Krzeminski*, 839 F.2d 9 (2d Cir. 1988) ......................................................................... 8

*Oliveira v. Mayer*, 23 F.3d 642 (2d Cir. 1994) ............................................................................. 5

*Posr v. Doherty*, 944 F.2d 91 (2d Cir. 1991) ................................................................................. 6

*Smith v. Wade*, 461 U.S. 30 (1983) ................................................................................................ 7

*Sullivan v. Gagnier*, 225 F.3d 161 (2d Cir. 2000) ........................................................................ 4

*Tennessee v. Garner*, 471 U.S. 1 (1985) ....................................................................................... 4

*Terebesi v. Torreso*, 764 F.3d 217 (2d Cir. 2014) ........................................................................ 4

*Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010) ...................................................................... 4, 6

*Vasbinder v. Scott*, 976 F.2d 118 (2d Cir. 1992) .......................................................................... 7

## STATUTES

42 U.S.C. § 1983 ................................................................................................................ 1, 4, 6, 7

## RULES

Fed. R. Evid. 404(b) .......................................................................................................................  8

Fed. R. Evid. 404(b)(2) ..................................................................................................................  8

## INTRODUCTION

In the claims remaining to be tried before this Court, Plaintiff Lamont Lee alleges that Defendant officers of the Troy Police Department used gratuitous and excessive force against him during his arrest on March 3, 2018, in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and also committed assault and battery under New York common law.

## STATEMENT OF FACTS EXPECTED TO BE PROVEN AT TRIAL

On the night of March 3, 2018, a Saturday, Mr. Lee decided to head to downtown Troy for a drink. Lee parked around the corner from Vivian's Bar, located at 76 Congress Street in Troy, and walked across Congress Street heading towards the bar's entrance at approximately 9:45 p.m. Before going in, however, Lee stopped for a few minutes to chat with some patrons smoking outside the bar that he'd never met before.

Seven minutes later at 9:52 p.m., an unmarked police vehicle pulled up in front of Vivian's Bar and Officer Louis Perfetti of the Troy Police Department ("TPD") jumped out in order to initiate arrests of Lee and another patron who police believed had engaged in a hand-to-hand narcotics transaction. Perfetti approached Lee, put his hands on Lee's back, and instructed Lee to put his hands up on the wall. Lee immediately complied and offered no resistance as Perfetti walked him over to the front of Vivian's and placed his hands on the wall. Lee asked Perfetti what he was being arrested for, informed Perfetti that he was unarmed, and said the only thing he had on his person was his blood pressure medication in his left pants pocket, which he reached down to retrieve with his left hand. As soon as Lee did this, TPD Officers Justin Ashe and Kyle Jones rushed to join Perfetti, and Ashe grabbed Lee's left arm before it reached his pocket.

1

Despite Lee imploring the officers to take it easy because he had just had major spinal surgery, Perfetti, Jones, and Ashe became increasingly rough. For no apparent reason, Perfetti and Jones began repeatedly and aggressively kneeing Lee in his legs, while Ashe used his body to pin Lee against the building. TPD Officer Christopher Parker, who was standing several feet away next to the other bar patron, rushed over to join the fray, and violently grabbed Lee's neck from behind, even though Perfetti, Jones, and Ashe already had clear physical control over Lee. Parker then pulled Lee's head back and placed him in a chokehold. All four officers grappled with Lee, eventually bringing him to the ground.

Even though Perfetti, Jones, Ashe and Parker had physical control over Lee when he was prone on the ground, Perfetti and Parker gratuitously kneed Lee several additional times. Then, Jones began punching Lee over and over again in his head and neck, before smashing his knee down three times onto Lee's head with his full body weight, each time smashing Lee's face and head into the concrete sidewalk with extreme force. Lee felt dazed and disoriented afterwards, and was bleeding profusely from a laceration above his left eye.

Lee was eventually escorted to the department headquarters in a marked patrol car. TPD evidence technician E. Smith secured photographs of Lee's injuries, and Lee was then transported to Samaritan Hospital so that a full CT scan of Lee's head could be completed before he was processed and booked.

At the hospital, a CT scan was administered and Lee was found to have a golf ball size hematoma measuring 1.8 x 6.6 cm above his left eye, swelling to his left eye and forehead, and a small laceration near his left eyebrow. In addition, Lee sustained bruises, soreness to his legs, injuries to his neck, and accompanying severe neck pain and headaches.

Thereafter, in the early morning of March 4, 2018, Lee was transferred to the Rensselaer County Jail. Over the next several days, the area above Lee's left eye become so increasingly swollen that his left eye swelled completely shut, and Lee also experienced severe throbbing pain in his left eye and head. After his eventual release from the jail on March 8, 2018, Lee returned to Samaritan Hospital to receive further treatment for his injuries, and was prescribed hydrocodone for pain relief.

## ARGUMENT

## POINT I

**DEFENDANTS WILL BE LIABLE ON PLAINTIFF'S EXCESSIVE FORCE CLAIM BECAUSE THE FORCE THEY EMPLOYED WAS OBJECTIVELY UNREASONABLE IN THE CIRCUMSTANCES**

The Fourth Amendment constrains police officers from using excessive force when detaining or arresting individuals. *See Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019). Claims that law enforcement officers used excessive force in the course of an arrest or other seizure are analyzed under the Fourth Amendment and its reasonableness standard, which necessitates scrutinizing "whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Mickle v. Morin*, 297 F.3d 114, 121 (2d Cir. 2002) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

In order to determine the reasonableness of officers' actions, the Supreme Court has instructed that courts should consider the totality of the circumstances, including, among other things, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *see also Tracy v. Freshwater*, 623 F.3d 90,

3

96 (2d Cir. 2010). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

Additionally, a police officer has "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). Consequently, an officer who "fails to intercede in the use of excessive force or another constitutional violation is liable for the preventable harm caused by the actions of other officers." *Id.*

Here, the totality of the circumstances indicate that any use of force in the arrest of Plaintiff Lamont Lee was unnecessary and excessive. From the very outset when Defendant Perfetti approached Plaintiff and instructed him to put his hands up on the wall, Plaintiff immediately complied and made no attempt to resist arrest or flee throughout the entire encounter. *Cf. Tennessee v. Garner*, 471 U.S. 1, 6-8 (1985). Moreover, the crime that officers were arresting Plaintiff for—a reported hand-to-hand narcotics transaction—was not a violent crime, and Plaintiff did not exhibit any behavior that presented a conceivable threat to the public or the Defendants. Indeed, Plaintiff did not physically attack any officers, *cf. Sullivan v. Gagnier*, 225 F.3d 161, 163 (2d Cir. 2000), and none of Plaintiff's behavior could have been reasonably interpreted as threatening an attack. *Cf. Tracy*, 623 F.3d at 97. And the evidence will demonstrate that any behavior of Plaintiff's during the arrest that Defendants will argue constituted resisting arrest merely resulted from Plaintiff reacting reflexively to the pain caused by the excessive force being applied by the Defendants. For all the foregoing reasons, Plaintiff will be able to establish his claim for excessive force pursuant to § 1983.

Finally, if the jury finds in this case that one or more of Defendants Parker, Perfetti, Ashe, and/or Jones used excessive force in arresting Plaintiff, then any of the other Defendants who had a reasonably opportunity to intervene and take steps to prevent the use of such excessive force, but failed to do so, will likewise be liable.

## POINT II

### DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Qualified immunity "is an affirmative defense on which the defendant has the burden of proof, either at trial or on a motion for summary judgment." *Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017). "As a general rule, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Oliveira v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994).

As this Court held in its decision on the parties' motions for summary judgment, disputed issues of fact in this case preclude determining the applicability of qualified immunity as a matter of law. *See Lee v. City of Troy*, No. 1:19-CV-473, 2021 U.S. Dist. LEXIS 28208, at *27-28 (N.D.N.Y. Feb. 16, 2021). Therefore, the jury must render decision on the underlying factual disputes before any further consideration of whether qualified immunity is applicable here. *See, e.g.*, *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004). Plaintiff also respectfully submits that the jury should not be instructed on the qualified immunity defense, as doing so risks misleading jurors into presuming that Defendants will not be liable if they subjectively believed they were following the law, and therefore applying an incorrect version of the "objectively reasonable" qualified immunity legal standard. Furthermore, based on the facts outlined above that Plaintiff expects to prove at trial, Plaintiff anticipates that the qualified

5

immunity defense will be wholly inapplicable in this case, as Defendants' actions were not objectively reasonable in the circumstances. *See Tracy*, 623 F.3d at 99 n.5.

## POINT III

### BECAUSE DEFENDANTS EMPLOYED UNREASONABLE FORCE IN ARRESTING PLAINTIFF, THEY WILL BE LIABLE FOR STATE LAW ASSAULT AND BATTERY

With the exception of § 1983's requirement that a tort must be committed under color of state law, the essential elements of a claim of excessive force under § 1983 and assault and battery against law enforcement officers under state law are substantially identical. *See Lee*, 2021 U.S. Dist. LEXIS 28208, at *28-29; *see also, e.g.*, *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991). Thus, if an unreasonable level of force is employed by officers during an arrest, then the otherwise lawful arrest will nevertheless constitute an assault and battery under New York state law. *See Figueroa v. Mazza*, 825 F.3d 89, 105 n.13 (2d Cir. 2016). And it is well established that a municipality like Defendant City of Troy may be held liable based on common-law causes of action related to torts committed by their police officers in the line of duty, under a theory of *respondeat superior*. *See, e.g.*, *Jones v. State*, 307 N.E.2d 236, 237 (N.Y. 1973).

Because same standard applies to Plaintiff's § 1983 excessive force claim and his claim for assault and battery under New York state law, Plaintiff respectfully refers the Court to the discussion *supra*, Point I. For all the reasons discussed therein, Plaintiff will be able to establish a claim for assault and battery under New York state law.

## POINT IV

### PLAINTIFF IS ENTITLED TO COMPENSATORY AND PUNITIVE DAMAGES

The primary purpose of a § 1983 damages award is to compensate a plaintiff for injuries caused by a deprivation of their constitutionally protected rights. *See Carey v. Piphus*, 435 U.S. 247, 254-57 (1978). Here, photos taken of Plaintiff and records from his admission to Samaritan

6

Hospital just after his arrest on March 3, 2018 document the serious physical injuries he sustained as a result of Defendant Officers' use of excessive force during the arrest, the effects of which still linger to this day. Indeed, the photos of Plaintiff taken by a TPD evidence technician show that when Plaintiff arrived to the TPD station after being arrested, the area of Plaintiff's forehead above his left eye had already swollen into a large golf ball size hematoma, and there was blood streaming down Plaintiff's face from a small laceration near his left eyebrow. Plaintiff's injuries were so severe, in fact, that he was taken to Samaritan Hospital for a CT scan of his head before being processed and booked. In addition to the obvious injuries documented in the photos of Plaintiff, he also sustained bruises, soreness to his legs, injuries to his neck, and accompanying severe neck pain and headaches. Defendant Officers' actions also caused Plaintiff to suffer considerable emotional trauma. Thus, Plaintiff plainly suffered any number of compensable harms that will entitle him to an award of compensatory damages. *See, e.g.*, *Atkins v. New York City*, 143 F.3d 100, 103-04 (2d Cir. 1998) (noting that in a § 1983 excessive force case against law enforcement, "[a] beating severe enough to leave marks is sufficient proof of a compensable injury" to entitle a plaintiff to compensatory damages).

Additionally, "[p]unitive damages are available in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). In contrast to the purpose of compensatory damages, punitive damage awards are specifically intended "to punish the defendant and to deter him and others from similar conduct in the future." *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d Cir. 1992) (citing *Smith*, 461 U.S. at 54). Plaintiff submits that the senseless and gratuitous nature of Defendant Officers' actions in this case provide a strong basis

7

for an award of punitive damages. Even though Plaintiff was posing no resistance whatsoever and immediately complied with Defendant Perfetti's directive to place his hands on the wall so Perfetti could initiate an arrest for a reported non-violent drug offense, Defendant Officers began repeatedly and aggressively kneeing Plaintiff in his legs, back, and sides. And later, after Defendant Officers pinned Plaintiff to the ground and clearly had complete physical control over him, they continued gratuitously kneeing him in his back and sides. Even more egregiously, Defendant Jones punched Plaintiff repeatedly in the head before gratuitously smashing his knee down onto Plaintiff's head with his full body weight three times, causing the golf ball size hematoma and laceration on Plaintiff's forehead. Therefore, Plaintiff respectfully submits that the facts of this case clearly support an award of punitive damages in addition to compensatory damages.

## POINT V

## ADMISSIBILITY OF PRIOR AND SUBSEQUENT SIMILAR ACTS

Federal Rule of Evidence 404(b) provides for the admission of evidence of other wrongs or acts, either prior to or subsequent to the incident in question, for any purpose other than to show that the defendant had the propensity to commit the act in question. *See Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990). By the terms of the Rule, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). For instance, similar acts can be introduced to show a pattern of relevant conduct, *Huddleston v. United States*, 485 U.S. 681, 686-89 (1988), an "aggravated state of mind," *O'Neill v. Krzeminski*, 839 F.2d 9, 11 n.1 (2d Cir. 1988), or an "intent to inflict needless injury." *Id.*

As the Court is aware from its *in camera* review of Defendant Officers' personnel files, at least one Defendant has been investigated on several prior occasions for allegedly employing excessive force against a civilian, and the same Defendant has previously been found to have violated several provisions of the TPD Code of Conduct. Plaintiff respectfully submits that such evidence will be admissible here for purposes other than showing propensity. *See Ismail*, 899 F.2d at 188-89 (upholding the admission of evidence related to the defendant police officer's attack on another civilian, two months after same officer's alleged attack on plaintiff, to show pattern and intent).

## CONCLUSION

For all the foregoing reasons, the trial testimony and documentary evidence will establish that Plaintiff Lamont Lee is entitled to judgment in his favor against Defendants City of Troy, Christopher Parker, Louis Perfetti, Justin Ashe, and Kyle Jones for injuries he sustained as a result of Defendants' violation of his constitutional rights on March 3, 2018.

Dated: April 30, 2021

        SIVIN, MILLER & ROCHE, LLP

By:   /s/David Roche
      David Roche, Esq.
      Bar No.: 2764926
      *Attorneys for Plaintiff*
      20 Vesey Street, Suite 1400
      New York, NY 10007
      Telephone: (212) 349-0300
      Fax: (212) 406-9462
      Email: droche@sivinandmiller.com