UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
LAMONT LEE,

                    Plaintiff,

  -v-                         1:19-CV-473

THE CITY OF TROY; PATROLMAN
CHRISTOPHER PARKER; PATROLMAN
LOUIS PERFETTI; PATROLMAN
JUSTIN ASHE; and PATROLMAN KYLE
JONES,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

SIVIN, MILLER & ROCHE LLP             EDWARD SIVIN, ESQ.
Attorneys for Plaintiffs              GLENN D. MILLER, ESQ.
20 Vesey Street, Suite 1400
New York, New York 10007

PATTISON, SAMPSON LAW FIRM            MICHAEL E. GINSBERG, ESQ.
Attorneys for Defendants              RHIANNON INEVA
P.O. Box 208                             SPENCER, ESQ.
22 First Street
Troy, New York 12181

OFFICE OF RICHARD T. MORRISSEY        RICHARD T. MORRISSEY, ESQ.
Attorneys for Defendants
64 Second Street
Troy, New York 12180

DAVID N. HURD
United States District Judge

## **ORDER ON MOTIONS IN LIMINE**

A jury trial is scheduled to begin on Monday, May 10, 2021 at 9:30 a.m. in Utica, New York. Plaintiff Lamont Lee ("Lee" or "plaintiff") has moved *in limine* for four pretrial rulings on the admissibility of certain evidence.

The standard governing a motion *in limine* was explored in detail in this Court's recent opinion in *Walker v. Schult*, 365 F. Supp. 3d 266, 274-75 (N.D.N.Y. 2019). The Court need not repeat that standard now. But in brief, "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* Accordingly, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id.*

Lee's first motion *in limine* concerns the testimony of defendants' intended witness, Troy Police Department Chief Brian G. Owens ("Chief Owens"). Plaintiff has moved to preclude any testimony by Chief Owens purporting to opine as to the reasonableness of the force the defendant police officers used in arresting plaintiff. That motion must be granted, because defendants have in no way attempted to offer Chief Owens as an expert, and therefore he cannot offer opinion testimony depending on his expertise. Chief Owens may nevertheless testify as to his personal knowledge of the investigation into the police officer defendants' use of force.

Similarly, Lee's second motion to exclude Chief Owens' report as to the reasonableness of the officer defendants' use of force must be granted. That report would provide the same impermissible opinions and must be excluded.

Lee's third motion to exclude any Troy Police Department policy documents that defendants failed to disclose to plaintiff prior to trial must also be granted. Both parties are expected to adhere to the rules governing disclosure.

Lee's fourth and final motion to exclude testimony concerning his prior convictions for Attempted Robbery in the Second Degree and other convictions from more than ten years ago must also be granted. Under Rule 609(a)(1)(A), a prior conviction for a crime punishable by more than one year in prison must be admitted subject to Rule 403. Rule 403 permits a court to exclude evidence if its probative value is substantially outweighed by its capacity to unduly prejudice the factfinder. Plaintiff was convicted of attempted robbery on October 26, 2011, roughly nine-and-a-half years ago. That conviction also has next to nothing to do with his veracity or the facts of this case, and would undermine the most important witness at plaintiff's disposal. That conviction must be excluded.

As for Lee's convictions from more than ten years ago, defendants have not signaled an intention to make an issue of them. Rule 609(b)(2) requires that the proponent seeking to include evidence of a ten-year-old conviction provide

timely written notice to the opposing party. Accordingly, evidence of plaintiff's older convictions must be excluded, and plaintiff's motions *in limine* are granted in their entirety.

Therefore, it is

ORDERED that

1. Plaintiff Lamont Lee's Motions *in limine* are GRANTED;

2. Troy Police Department Chief Brian G. Owens is precluded from opining as to the reasonableness of defendants' use of force;

3. Troy Police Department Chief Brian G. Owens' report on defendants' use of force is excluded;

4. Any Troy Police Department policy documents that were not timely disclosed to plaintiff Lamont Lee in advance of trial are excluded;

5. Defendants are precluded from eliciting testimony concerning plaintiff Lamont Lee's prior conviction for Attempted Robbery in the Second Degree from October 26, 2011; and

6. Defendants are precluded from eliciting testimony concerning plaintiff Lamont Lee's convictions from more than ten years ago.

IT IS SO ORDERED.

5

Dated: May 7, 2021
      Utica, New York.

David N. Hurd
U.S. District Judge